### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHARLES HAGLER<br>1645 W. Britney<br>Olathe, KS 66061<br><br>　　　Plaintiff,<br><br>vs.<br><br>CREDIT WORLD SERVICES, INC.<br>6000 Martway St.<br>Shawnee Mission, KS 66202-3339<br><br>And<br><br>BILL JACKSON<br>address to be determined<br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)　Case No. 13-cv-2452 KHV/JPO<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

NOW COMES the Plaintiff, Charles Hagler, by and through his attorneys, Addleman Law Firm, LLC, and for his complaint against the Defendants, Credit World Services, Inc., and Bill Jackson, Plaintiff states as follows:

### I.　PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.　JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692 et seq., and pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

3. Venue is proper in the District of Kansas, Kansas City Courthouse pursuant to 28 U.S.C. § 1381(b). Plaintiff designates Kansas City, Kansas as the place of trial pursuant to local rule 40.2.

### III.    PARTIES

4. Charles Hagler, (hereinafter, "Plaintiff") is a natural person who resides in Olathe, Kansas, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Credit World Agency, Inc., (hereinafter, "Defendant Credit World") is a business entity engaged in the collection of debt within the State of Kansas. To the best knowledge and belief of Plaintiff, Defendant Credit World is a Kansas Corporation operating from 6000 Martway St., Shawnee Mission, KS 66202-3339, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Bill Jackson, (hereinafter "Defendant Bill Jackson") is a natural person who was employed at all times relevant herein by Defendant Credit World as a collection agent and is a "debt collector as that term is defined by 15 U.S.C. § 1692a(6).

### IV.    ALLEGATIONS

7. The debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household services and is therefore a "debt" as that term is defined by U.S.C. § 1692a(5).

*July 9, 2013 Collection call to Charles Hagler*

8. On or about July 9, 2013, Plaintiff received a collection voice message from a Defendant Credit World employee, Bill Jackson.

9. During the Message, Defendant Credit World's employee failed to provide the name of the debt collection company and failed to provide necessary information for Plaintiff to verify the legitimate nature of the call.

10. The message also failed to provide the required mini-Miranda to Plaintiff by stating he was a debt collector, that he was attempting to collect a debt and that any information obtained would be used for that purpose.

11. Defendants' have not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debts, with written verification of the amount of the debts, the name of the creditor to whom the debt is allegedly owed or provided the required statement to Plaintiff that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

12. In its attempts to collect the debt allegedly owed by Plaintiff, Defendants' violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. § 1692e(11);

   b. Failed to disclose the name of the debt collector or the employee attempting to collect the debt in violation of 15 U.S.C. § 1692d(6);

   c. Failed to provide verification of the amount of the debt, the name of the creditor to which the debt is allegedly owed, and the necessary statement to consumer regarding the effect of failing to dispute the debt, in violation of 15 U.S.C. §1692g(a);

   d. Used misleading and deceptive language in connection with the collection of the debt in violation of 15 U.S.C. § 1692d;

   e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

*Respondeat Superior Liability*

13.     The acts and omissions of Defendant Bill Jackson were committed within the time and space limits of his agency relationship with his principal, Defendant Credit World.

14.     The acts and omissions by Defendant Bill Jackson were incidental to, or of the same general nature as the responsibilities agents were authorized to perform by Defendant Credit World in collecting consumer debts.

15.     By committing these acts and omissions against Plaintiff, Defendant Bill Jackson was motivated to benefit his principal, Defendant Credit World.

16.     Defendant Credit World is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Missouri tort law, in their attempts to collect this debt from Plaintiff.

## V.     JURY DEMAND

17.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable in the District of Kansas,  Kansas City Courthouse.  US Const. amend. 7. Fed.R.Civ.P. 38.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Charles Hagler, by and through his attorneys, respectfully prays for judgment as follows:

     a.     All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) from each and every Defendant named herein;

    b.       Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from each and every Defendant named herein;

    c.       Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant named herein;

    d.       Any other relief deemed appropriate by this Honorable court.

Respectfully submitted,

 /s/ Thomas A. Addleman  
THOMAS A. ADDLEMAN  
KS BAR # 21104  
ADDLEMAN LAW FIRM  
255 NW BLUE PARKWAY, SUITE 200  
LEE'S SUMMIT, MO  64068  
Telephone:  816-994-6200  
Facsimile:  816-396-6240  
E-mail:  tom@addlemanlawfirm.com

**Attorney for Plaintiff**