IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLES HAGLER,

       Plaintiff,

v.

CREDIT WORLD SERVICES, INC.,

       Defendant.

Case No. 13-CV-2452-DDC-JPO

## MEMORANDUM AND ORDER

Plaintiff Charles Hagler filed this lawsuit against defendant Credit World Services, Inc. under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*  Defendant filed a motion for judgment on the pleadings or, in the alternative, motion for summary judgment (Doc. 27).  Plaintiff responded and filed a cross-motion for summary judgment (Doc. 30).  For the reasons explained below, the Court grants defendant's motion and denies plaintiff's motion.

### I.  Uncontroverted Facts

The facts of this case are few and undisputed.  Defendant Credit World Services is a debt collector.  On June 11, 2013, Bill Jackson, an employee of defendant, called plaintiff and spoke to him about an outstanding debt.  After some discussion, plaintiff said that he would have to call defendant back.  Defendant waited about a month without hearing from plaintiff.  On July 9, 2013, Jackson called plaintiff again, but plaintiff did not answer.  Jackson left plaintiff the following voicemail:  "Hi, this message is for Charles.  Please call Bill Jackson at 913-362-3950 when you get a chance.  My extension is like 281.  Thank you."  Plaintiff argues that the July 9, 2013 voicemail violates several provisions of the FDCPA.

## II.  Legal Standard

Defendant styles its motion as a motion for judgment on the pleadings or, in the alternative, a motion for summary judgment.  Fed. R. Civ. P. 12(c) permits a party to move for judgment on the pleadings after the pleadings are closed.  However, if "matters outside the pleadings are presented to and not excluded by the court," a Rule 12(c) motion "must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  Here, defendant presents undisputed facts about the first phone call between Jackson and plaintiff, which were not included in plaintiff's Amended Complaint (Doc. 24).  As a result, the Court will treat defendant's motion as one for summary judgment.  Plaintiff seeks judgment under Rule 56 only, so the Court will apply summary judgment standards to his motion as well.

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine dispute as to any material fact" and that it is "entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  When it applies this standard, the Court views the evidence and draws inferences in the light most favorable to the nonmoving party.  *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010) (citing *Oldenkamp v. United Am. Ins. Co.*, 619 F.3d 1243, 1245-46 (10th Cir. 2010)).  "An issue of fact is 'genuine' 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party' on the issue."  *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "An issue of fact is 'material' 'if under the substantive law it is essential to the proper disposition of the claim' or defense."  *Id.* (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson*, 477 U.S. at 248)).

The moving party bears "both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law."  *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (citing *Trainor v. Apollo*

2

*Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2003)).  In attempting to meet this burden, the moving party "need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim."  *Id.* (citing *Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1125 (10th Cir. 2000)).

If the moving party satisfies its initial burden, the non-moving party "'may not rest on its pleadings, but must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof.'"  *Id.* (quoting *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996)).  "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein."  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir.), *cert. denied*, 506 U.S. 1013 (1992)).

Finally, summary judgment is not a "disfavored procedural shortcut."  *Celotex v. Catrett*, 477 U.S. 317, 327 (1986).  Rather, it is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.'"  *Id.* (quoting Fed. R. Civ. P. 1).

The Court applies the same standard on cross motions for summary judgment.  Each party bears the burden of establishing that no genuine issue of material fact exists and its entitlement to judgment as a matter of law.  *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000).  Cross motions for summary judgment "are to be treated separately; the denial of one does not require the grant of another."  *Buell Cabinet Co., Inc. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979).   But where the cross motions overlap, the Court may address the legal arguments together.  *Berges v. Standard Ins. Co.*, 704 F. Supp. 2d 1149, 1155 (D. Kan. 2010) (citation omitted).  In this case, the legal issues and arguments presented by

each summary judgment motion are almost identical.  Therefore, the Court addresses the legal

issues together.

**III. Discussion**

Plaintiff contends that defendant violated three statutory provisions of the FDCPA

because the July 9, 2013 voicemail from defendant:

    A.  failed to disclose meaningfully the caller's identity, in violation of 15 U.S.C.
          § 1692d(6);

    B.  failed to disclose that a debt collector had left the voicemail, in violation of 15 U.S.C.
          § 1692e(11); and

    C.  used misleading and deceptive language, in violation of 15 U.S.C. § 1692e.

Plaintiff also claims that the voicemail was otherwise deceptive and failed to comply with the

provisions of the FDCPA.  Plaintiff and defendant filed cross-motions for summary judgment on

all four claims.  The Court will address each claim in turn, below.

**A.  § 1692d(6)**

15 U.S.C. § 1692d(6) provides:

> A debt collector may not engage in any conduct the natural consequences of
> which is to harass, oppress, or abuse any person in connection with the collection
> of a debt.  Without limiting the general application of the foregoing, the following
> conduct is a violation of this section: . . . (6) Except as provided in section 1692b
> of this title, the placement of telephone calls without meaningful disclosure of the
> caller's identity.

Plaintiff argues that defendant violated § 1692d(6) because Jackson's July 9, 2013

voicemail did not provide "meaningful disclosure" of Jackson's identity; rather, Jackson said

only his name, his number, and his desire for a return call ("Hi, this message is for Charles.

Please call Bill Jackson at 913-362-3950 when you get a chance.  My extension is like 281.

Thank you.").  The Court must construe two sections of § 1692d(6) to evaluate plaintiff's

assertion.  First, the Court must determine what information constitutes "meaningful disclosure"

of the caller's identity.  Second, because § 1692d(6) prevents the "placement of telephone calls,"

plural, the Court must decide whether the single voicemail alleged here is enough to sustain a

§ 1692d(6) violation.

First, the Court finds that Jackson's voicemail did not provide "meaningful disclosure" to

plaintiff about his identity.  The Court's "primary task in interpreting statutes [is] to determine

congressional intent, using traditional tools of statutory construction."  *U.S. v. Manning*, 526

F.3d 611, 614 (10th Cir. 2008).  The surplusage canon of statutory interpretation provides that,

"[i]f possible, every word and every provision is to be given effect."  Antonin Scalia and Bryan

A. Garner, Reading Law:  The Interpretation of Legal Texts 175 (2012).  Section 1692d(6)

requires "*meaningful* disclosure of the caller's identity" (emphasis added).  The only information

that Jackson disclosed about his identity in the voicemail was his name, which has no real

meaning to a debtor.  The inclusion of the word "meaningful" suggests that § 1692d(6) requires a

debt collector to reveal more about himself than his name.  If the Court were to hold that the

name of the debt collector alone satisfied § 1692d(6), it would essentially read the "meaningful"

requirement out of the statute, rendering it mere surplusage.  Because Jackson failed to provide

more than his name, the Court concludes that defendant did not provide "meaningful disclosure"

of its identity as a debt collector under § 1692d(6).  *Accord Galligan v. FMS, Inc.*, No. 11-2004,

2012 WL 1207214, at *4 (D. Kan. Apr. 11, 2012) ("'Meaningful disclosure' requires the [debt

collector] to state his or her name, capacity, and to provide enough information to the consumer

as to the purpose of the call."); *Torres v. ProCollect, Inc.*, 865 F. Supp. 2d 1103, 1105 (D. Colo.

2012) ("Thus, the only way for an identity disclosure to be meaningful to a consumer is if it

discloses the name of the debt collection company."); *Costa v. Nat'l Action Fin. Servs.*, 634 F.

Supp. 2d 1069, 1075 (E.D. Cal. 2007) (holding that the "defendant necessarily violated

§ 1692d(6) when [the debt collector] failed to disclose her identity as a debt collector and the nature of the call when she left the messages on plaintiff's voice mail").

Next, the Court considers whether a single voicemail can sustain a § 1692d(6) violation. Section 1692d(6) prohibits "the placement of telephone calls without meaningful disclosure." Several district courts have held that the use of the plural "calls" means that a debt collector must make more than one call to violate the section.  *E.g.*, *Thorne v. Accounts Receivable Mgmt., Inc.*, No. 11-22290, 2012 WL 3108662, at *8 (S.D. Fla. July 24, 2012); *Jordan v. ER Solutions, Inc.*, 900 F. Supp. 2d 1323, 1326 (S.D. Fla. 2012); *Sanford v. Portfolio Recovery Assocs., LLC*, No. 12-11526, 2013 WL 3798285, at *19 (E.D. Mich. July 22, 2013).  Here, defendant made only one phone call—the July 9, 2013 voicemail—that plaintiff alleges violated § 1692d(6).  After reviewing the text of § 1692d, the Court agrees with the holding of the district court cases cited in this paragraph and concludes that a § 1692d(6) violation requires more than one phone call.

The Court is mindful that another well-established canon of statutory construction provides that the singular generally includes the plural, and vice versa.  Antonin Scalia and Bryan A. Garner, Reading Law:  The Interpretation of Legal Texts 129 (2012).  Thus, in the ordinary case, the use of the word "calls" includes a single "call."  "But the proposition that many includes only one is not as logically inevitable as the proposition that one includes multiple ones, so its application is much more subject to context and to contradiction by other canons." *Id.* at 130.  Here, the context of § 1692d suggests that a debt collector must make more than one phone call without disclosing his identity to violate § 1692d(6).

Section 1692 is titled "Harassment or abuse."  The provision begins by stating that "[a] debt collector may not engage in any conduct the natural consequence of which is to *harass*, *oppress*, or *abuse* any person in connection with the collection of a debt" (emphasis added).

§ 1692d(6).  The intent of § 1692d, then, is to prevent conduct that harasses, oppresses, or abuses.  The section then sets forth a non-exclusive list of six specific types of conduct that are "a violation of this section . . . ."  Thus, §§ 1692d(1)-(6) describe actions that Congress explicitly found to harass, oppress, or abuse.  Those six sections are:

(1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

(3) The publication of a list of consumers who allegedly refuse to pay debts . . . .

(4) The advertisement for sale of any debt to coerce payment of the debt.

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

(6) [T]he placement of telephone calls without meaningful disclosure of the caller's identity.

Sections 1692d(1)-(5) are fundamentally different from § 1692d(6) because the conduct described in those first five subsections are actions that, on their face, harass, oppress, or abuse.  Using violent or obscene language, calling someone repeatedly with the intent to harass, or publishing lists of consumers who have not paid their debts all do significantly more to harass than a single phone call in which the debt collector revealed only his name.  This also suggests that more than one phone call is needed; multiple phone calls without "meaningful disclosure" of the caller's identity more strongly implies harassing or abusive conduct.

The structure of § 1692d lends more support to this view—the provision appears to be divided between those subsections requiring a single act and those requiring multiple acts.  Actions prohibited by the first four subsections are all singular (*e.g.*, the *use* or *threat* of violence, the *use* of obscene language, the *publication* of a list of consumers), so they require

only a single instance of the prohibited action to sustain a violation.  In contrast, subsections (5) and (6) are plural—subsection 1692d(5) prohibits "[c]ausing a telephone to ring or engaging any person in telephone conversation *repeatedly* or *continuously*," so it explicitly contemplates multiple acts (emphasis added).  This leads the Court to believe that Congress used the plural form "calls" intentionally.  In the context of § 1692d as a whole, the fact that § 1692d(6) refers to the plural "calls" suggests a debt collector must make more than one phone call to violate the section.

It is clear to the Court that a debt collector could harass, oppress, or abuse a debtor if he made repeated calls to a debtor without disclosing his identity as debt collector.  Here, however, Jackson, on defendant's behalf, left a single voicemail stating only his name and phone number. The Court cannot see how the "natural consequences" of Jackson's lone voicemail harassed, oppressed, or abused plaintiff.  Because § 1692d as a whole suggests that the use of the plural "calls" requires more than one phone call to violate § 1692d(6), the Court grants summary judgment against plaintiff's § 1692d(6) claim.

**B.  § 1692e(11)**

15 U.S.C. § 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  Section 1692e(11) provides that the following violates § 1962e:

> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector . . . .

Plaintiff claims that the July 9, 2013 voicemail, Jackson's second attempt to contact plaintiff, violated § 1692e(11) because Jackson never identified himself as a debt collector.

Rather, he stated only his name and phone number and then asked plaintiff to call him back. Defendant argues that the voicemail is not a "communication" as the term is defined in § 1692a(2) of the FDCPA.  Because § 1692e(11) prohibits "the failure to disclose in subsequent *communications* that the *communication* is from a debt collector," defendant asserts that the section does not apply (emphasis added).

This argument requires the Court to determine whether defendant's voicemail is a "communication" in the sense that § 1692a(2) uses that word.  Under the FDCPA, "[t]he term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).  The federal district courts that have considered the definition of "communication" have disagreed on how broadly to construe it.  Some courts hold that a message "conveys information regarding a debt" only if the message contains some information about the debt itself.  *E.g.*, *Biggs v. Credit Collections*, No. CIV-07-0053, 2007 WL 4034997, at *4 n.3 (W.D. Okla. 2007).  Other courts take a broader view, holding that a message is a "communication" if it is designed to help collect a debt, regardless of whether it references the debt itself.  *E.g.*, *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 655 (S.D. N.Y. 2006).

Whatever the rule elsewhere, our Circuit takes a narrower view and it controls the outcome here.  In *Marx v. General Revenue Corp.*, the Tenth Circuit analyzed whether a fax to the debtor's employer qualified as an FDCPA "communication."  668 F.3d 1174, 1177 (10th Cir. 2011).  Section 1692c(b) prohibits a debt collector from "communicat[ing], in connection with the collection of any debt, with any person other than a consumer."  The plaintiff in *Marx* argued that the defendant violated § 1692c(b) by faxing a "standard employment verification form" to the plaintiff's employer to determine the plaintiff's eligibility for wage garnishment.  *Marx*, 668

F.3d at 1176.  The form contained blanks for the employer to fill in the plaintiff's employment status, date of hire, corporate payroll address, and position, but did not indicate that its purpose was to help collect a debt.  *Id.*  The Tenth Circuit held that the verification form was not a "communication" under § 1692a(2) because "[a] third-party 'communication,' to be such, must indicate to the recipient that the message relates to the collection of a debt; this is simply built into the statutory definition of 'communication.'"  *Id.* at 1177.  According *Marx*:

> This fax cannot be construed as "conveying" information "regarding a debt." Nowhere does it expressly reference debt; it speaks only of "verify[ing] [e]mployment."  Nor could it reasonably be construed to imply a debt.  In order to substantiate the claim that the facsimile "conveys" information "regarding a debt," either "directly or indirectly," [plaintiff] had the burden of proving such a conveyance; the standard is not whether the facsimile *could have had* such an implication.

*Id*.  The Tenth Circuit concluded that "absent any evidentiary showing that [the plaintiff's] employer either knew or inferred that the facsimile involved a debt, the facsimile does not satisfy the statutory definition of a 'communication.'"  *Id.*

Thus, in order to "convey information regarding a debt," a message must "expressly reference debt" or the recipient must be able to infer that the message involved a debt.  *Id.*  The voicemail at issue here does neither.  First, the voicemail left by Jackson contains only the caller's name and number and requests a call back.  It therefore does not "expressly reference debt."  Second, plaintiff concedes he did not "infer" any debt from the voicemail.  In an affidavit attached as an exhibit to plaintiff's reply to defendant's response to his motion for summary judgment (Doc. 34-1 at 1), plaintiff admits, "I did not know that this was a call from a debt collector or in regards to the collection of a debt."  As a result, plaintiff did not infer that the voicemail involved a debt.

Plaintiff argues that *Marx* does not apply because it analyzed the meaning of "communication" in the context of § 1692c(b), the FDCPA provision prohibiting a debt collector from contacting parties other than the debtor.  However, "communication" as it is defined in § 1692a(2) applies to all provisions of the FDCPA, so the Tenth Circuit's analysis applies equally to all sections that use the term.  Because the voicemail at issue did not expressly reference a debt and plaintiff did not infer that the voicemail involved a debt, the Court grants summary judgment against plaintiff's § 1692e(11) claim.

### C.  § 1692e

Plaintiff claims that even if the Court finds that the July 9, 2013 voicemail was not a "communication" required for § 1692e(11) to apply, defendant still violated § 1692e because Jackson's failure to disclose that he was a debt collector otherwise constitutes misleading and deceptive conduct.  Section 1692e, the provision encompassing § 1692e(11), prohibits generally a debt collector from using "any false deceptive, or misleading representation or means in connection with the collection of any debt."  In determining whether a debt collection practice is deceptive or misleading, the fact-finder must view the practice "objectively from the perspective of the 'least sophisticated consumer.'"  *D'Avanzo v. Global Credit & Collection Corp.*, No. 10-1572, 2011 WL 2297697, at *2 (D. Colo. Apr. 18, 2011).

First, although the list of false, deceptive or misleading practices in § 1692e is not exclusive, the fact that § 1692e(11) explicitly requires a debt collector to disclose his identity in "communications" with the debtor suggests that Congress intended to require that debt collectors identify themselves only when they are "communicating" with the debtor as that term is defined in the FDCPA.  Congress could have expanded the definition of "communication" easily or used a different term to require a debt collector to reveal himself in all types of contact with the

defendant; its failure to do so leads the Court to conclude that Congress intended to make a debt collector's failure to identify himself illegal only when he "conveys information regarding a debt" under § 1692a(2).

Setting aside plaintiff's attempt to circumvent § 1692e(11), however, Jackson's voicemail was not false, deceptive, or misleading. "False" means "not according with truth or fact." Merriam-Webster Dictionary, available at www.merriam-webster.com/dictionary. But nothing Jackson said in the voicemail was untrue. He merely conveyed his name, phone number, and his desire for plaintiff to call him back. "Deceptive" and "misleading" mean "giving an impression different from the true one." *Id.* Here, there is no evidence that Jackson intended to convey that he was someone other than a debt collector; indeed, Jackson conveyed nothing at all about his job or the reason for his call. After viewing defendant's voicemail objectively from the perspective of the least sophisticated consumer, the Court finds that no reasonable jury could conclude that defendant's voicemail was false, deceptive, or misleading. As a result, the Court grants summary judgment for defendant on plaintiff's § 1692e claim.

### D.  Other FDCPA Violations

Finally, plaintiff claims that defendant was "otherwise deceptive and failed to comply with the provisions of the FDCPA." (Doc. 24 at 3) Under Fed. R. Civ. P. 12(c), a party may move for judgment on the pleadings after the pleadings are closed as long as the motion is made early enough not to delay trial. The standard for dismissal under Rule 12(c) is the same as a dismissal under Rule 12(b)(6). *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013). So, to survive a motion for judgment on the pleadings, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level," and must contain

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Court can dismiss this claim on the pleadings alone, so it will apply the standard for a Rule 12(c) motion. Plaintiff presents no facts to support a claim for relief that is different from the three claims it specifies under the FDCPA, as discussed above. Plaintiff makes no argument about this claim in his response to defendant's motion for summary judgment or in his cross-motion for summary judgment. As a result, plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face." *Id.* And he has not attempted to cure this omission with a request to replead his theory. The Court therefore grants defendant's Rule 12(c) motion for judgment on the pleadings on plaintiff's claim for "other" violations of the FDCPA.

## IV. Conclusion

For the reasons explained above, the Court concludes that defendant is entitled to summary judgment on plaintiff's §§ 1692d and 1692e claims under the FDCPA. The Court also finds that plaintiff has failed to state a claim for "other" violations under the FDCA. Therefore, the Court grants defendant's motion for judgment on the pleadings or, in the alternative, for summary judgment. The Court denies plaintiff's cross-motion for summary judgment.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the defendant's Motion for Judgment on the Pleadings or, in the alternative, for Summary Judgment (Doc. 27) is granted.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff's Motion for Summary Judgment (Doc. 30) is denied.

**IT IS SO ORDERED.**

**Dated this 1st day of October, 2014, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

13